IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| BARBARA ANNESE d/b/a MB&A ROBOTWAYS, <br><br> Plaintiff, <br><br> v. <br><br> SEALED AIR CORPORATION (us) and DIVERSEY, INC., <br><br> Defendants. | CASE NO. _____ |

## NOTICE OF REMOVAL

Defendants designated Sealed Air Corporation (us) and Diversey, Inc. (collectively "Defendants") hereby give notice of the removal of the above-styled action to the United States District Court for the Western District of North Carolina, Charlotte Division, pursuant to 28 U.S.C. §§ 1332, 1441. As grounds for removal, defendants state as follows:

I. **THIS ACTION IS TIMELY REMOVED IN COMPLIANCE WITH 28 U.S.C. §§ 1441, 1446.**

1. Plaintiff Barbara Annese d/b/a MB&A Robotways ("Plaintiff") filed the Verified Complaint in this action on December 13, 2016, in the General Court of Justice, Superior Court Division for the County of Mecklenburg, North Carolina, File No. 16-CVS-22182 along with a Notice of Designation of Mandatory Complex Business Case (collectively the "state action"). Pursuant to

28 U.S.C. § 1446(a), copies of the docket sheet and all process, pleadings, orders, and other documents from the state court's file are attached hereto as Exhibit 1.

2. Sealed Air Corporation (us) and Diversey, Inc. have received a copy of the Complaint, but neither company has been served with the Summons and Complaint at the time of this removal. Because this Notice of Removal is being filed within 30 days after the receipt of the Complaint by the Defendants, this Notice of Removal is timely filed. See 28 U.S.C. § 1446(b)(1); see also Marler v. Amoco Oil Co., Inc., 793 F. Supp. 656 (E.D.N.C. 1992).

3. Plaintiff's Complaint alleges that Plaintiff and Defendants discussed the development by Plaintiff of computer and robot technology to be used in Defendants' robotic machines. Compl. ¶7.

4. Plaintiff alleges that an agreement was reached between the parties for Plaintiff to develop and install technology for mass production of machines for Defendants. Compl. ¶¶ 25-32.

5. Plaintiff's Complaint alleges claims against Defendants for (1) Breach of Contract as to Manufacturing/Licensing Agreement; (2) Breach of Contract as to Prototype; and (3) Unjust Enrichment or Quantum Meruit.

6. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are on this date being served on Plaintiff's counsel and filed with the Clerk for the Superior Court of Mecklenburg County, North Carolina.

7. The Western District of North Carolina, Charlotte Division, is the United States District Court encompassing Mecklenburg County, North Carolina, where the state action was filed. See 28 U.S.C. § 81(a)(3). Accordingly, removal to this Court is proper. See id. §1441(a).

8. No proceedings have occurred in the Superior Court of Mecklenburg County, North Carolina or the Business Court, as of the date of this Notice of Removal. Defendants have not answered or moved in response to the Complaint. Defendants hereby reserve any and all rights to assert any and all defenses and/or objections to the Complaint, and do not hereby waive any such defenses and/or objections.

## II. THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties to this case are citizens of different states and the amount in controversy exceeds $75,000.00.

### A. The parties are completely diverse.

10. Plaintiff is a foreign corporation with its principal place of business in Italy. (Compl. ¶ 1.)

11. The Defendant designated Sealed Air Corporation (us) is a Delaware corporation with its principal place of business in Charlotte, North Carolina. Therefore, it is a citizen of Delaware and North Carolina. See 28 U.S.C. § 1332(c)(1).

12. The Defendant designated Diversey, Inc. is a Delaware corporation with its principal place of business in Charlotte, North Carolina. Therefore, it is also a citizen of Delaware and North Carolina. See 28 U.S.C. § 1332(c)(1).

13. Because Plaintiff is a foreign corporation with its principal place of business in Italy and Defendants are citizens of Delaware and North Carolina, there is complete diversity of citizenship. See Strawbridge v. Curtiss, 7 U.S. 267 (1806).

14. Moreover, removal is not prohibited by the plain language of 28 U.S.C. § 1441(b)(2), which provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest <u>properly joined and served as defendants</u> is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (emphasis added).

15. Here, the statutory prohibition against removal by a forum resident defendant is not triggered because there has not been service on either Defendant.

16. The language of the statute is unambiguous. Congress plainly intended to require service of the complaint to trigger the prohibition of removal by a forum resident defendant. See Ripley v. Eon Labs Inc., 622 F.Supp.2d 137 (D.N.J. 2007).

17. Accordingly, there is complete diversity of citizenship and the forum defendant prohibition of § 1441(b)(2) is not triggered.

B.  **The $75,000 amount in controversy requirement is met.**

18. Plaintiff alleges that its total damages are "at least $7,930,215.71." Compl. *ad damnum* clause, ¶ 1. Accordingly, the amount in controversy here exceeds $75,000.

19. Defendants hereby reserve the right to supplement this Notice of Removal.

WHEREFORE, because this Court has jurisdiction over this action as set forth above, and because Defendants complied with the applicable procedures for removal specified in § 1446, removal of the above-styled action to this Court is appropriate.

Respectfully submitted this 4th day of January, 2017.

s/Paul J. Osowski
Paul J. Osowski
NC Bar No. 23423
Benjamin S. Chesson
NC Bar No. 41923
NELSON MULLINS RILEY
& SCARBOROUGH, L.L.P.
Bank of America Corporate Center
100 North Tryon Street, Suite 4200
Charlotte, North Carolina  28202-4021
Ph: 704-417-3000
Fax: 704-417-3212
Email: paul.osowski@nelsonmullins.com
Email: ben.chesson@nelsonmullins.com
*Attorneys for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2017, a true and correct copy of the foregoing was mailed to the following:

>Jorge Cowley
>Cowley Law Firm
>P.O. Box 79028
>Charlotte, NC 28271
>*Attorney for Plaintiff*

>s/Paul J. Osowski
>Paul J. Osowski
>NC Bar No. 23423
>NELSON MULLINS RILEY
>& SCARBOROUGH, L.L.P.
>Bank of America Corporate Center
>100 North Tryon Street, Suite 4200
>Charlotte, North Carolina 28202-4021
>Ph: 704-417-3000
>Fax: 704-417-3212
>Email: paul.osowski@nelsonmullins.com
>*Attorney for Defendants*