# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:17-CV-00005-GCM

| | |
|---|---|
| BARBARA ANNESE, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DIVERSEY, INC. ) | |
| SEALED AIR CORPORATION (US), ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion to Remand. Defendant has filed a Response and Plaintiff has elected not to file a Reply. Accordingly, this matter is ripe for disposition.

## I. Background

This civil action was filed in Mecklenburg County Superior Court on December 13, 2016. Plaintiff is a foreign entity with its principal place of business in Italy. Defendants are Delaware corporations, both with principal places of business in North Carolina. Plaintiff alleges claims for breach of contract and unjust enrichment/quantum meruit based on an alleged agreement for Plaintiff to develop and install certain technology for Defendants' businesses. Defendants filed a Notice of Removal, invoking diversity jurisdiction, on January 4, 2017. Defendants were subsequently properly served with the summons and complaint on January 20, 2017. On February 4, 2017, Plaintiff filed a Motion to Remand, based solely on the "forum defendant rule."[1]

---

[1] The "forum defendant rule," set out in 28 U.S.C. § 1441(b)(2), prohibits properly joined and served defendants who are located within the forum state from invoking diversity jurisdiction to remove the case to federal court.

## II. Discussion

Pursuant to 28 U.S.C. § 1447(c), "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c) (2012). This limit is not merely a flexible guideline, but instead a strictly observed deadline. *See, e.g.*, *Almutairi v. John Hopkins Sys. Corp.*, 2016 WL 97835, at *4 (D. Md. Jan 8, 2016) (denying a motion to remand filed 34 days after removal); *See also Park v. McGowan*, 2011 WL 4963759, at *6 (E.D.N.Y. Oct. 19, 2011) (holding plaintiff waived procedural objections "by filing his motion to remand 31 days after the notice of removal had been filed"); *Delew v. Las Vegas Metro. Police Dep't*, 108 F. Supp. 2d 1146, 1147-48 (D. Nev. 2000); *Elder v. Wal-Mart Stores, Inc.*, 751 F. Supp. 639, 640 (E.D. La. 1990) (denying as untimely motion to remand filed 31 days after removal). Plaintiff waited thirty one days after the Notice of Removal was filed to file its Motion to Remand and such delay exceeds the statutory time limit. Plaintiff's only argument to excuse such tardiness is that Defendants' Notice of Removal was entered the day after it was filed. This argument, however, falls flat in light of the current case law. *See, e.g.*, *Pavone v. Miss. Riverboat Amusement Corp.*, 52 F.3d 560, 566 (5th Cir. 1995) (ruling that the statutory thirty day timer to file a motion to remand began when the notice to remove was filed, even though Plaintiff did not receive a copy of the notice in the mail until six days after its filing).

The untimeliness of the motion waives all non-subject matter jurisdiction objections to removal.[2] The forum defendant rule is not a subject matter objection, but rather a procedural

---

[2] There is one exception to the time constraint listed above: excusable neglect. Fed. R. Civ. P. 6(b). However, such exception requires a motion to have been filed requesting an extension of time. Because there was no such motion here, this exception does not apply.

one.³ Accordingly, Plaintiff's failure to timely file its Motion to Remand operates as a waiver of its forum defendant rule objection.

Even if this Court ignored this procedural error, the motion would still fail on its merits. The forum defendant rule requires that a forum defendant be "properly joined and served." 28 U.S.C. § 1441(b)(2). Plaintiff's argument that this Court should interpret that provision to mean that the Defendants merely have actual knowledge of the lawsuit would fly in the face of the majority of case law. *See, e.g.*, *Robertson v. Iuliano*, 2011 WL 453618, at *2 (D. Md. Feb. 4, 2011) (ruling that the defendant can remove the case to federal court if no forum defendant has been properly joined and served); *See also Bloom v. Library Corp.*, 112 F. Supp.3d 498, 506 (N.D.W. Va. 2015) (same). Moreover, the general rule is that the plain meaning of the statute's language must apply when interpreting a statute. *Hillman v. I.R.S.*, 263 F.3d 338, 342 (4th Cir. 2001). The only exceptions are in the incredibly rare circumstances "when literal application of the statutory language at issue produces an outcome that is demonstrably at odds with clearly expressed congressional intent to the contrary" or when the result is "so gross as to shock the general moral or common sense." *Id.* Here, there is no clearly expressed congressional intent to the contrary and the result is not deemed to be "so gross as to shock the general moral or common sense." Accordingly, the statute means what it says. Defendants were not "properly

---

³ While neither the Supreme Court nor the Fourth Circuit have ruled on whether the forum defendant rule is a subject matter jurisdiction objection, many other U.S. Circuit Courts of Appeal have concluded that this is a procedural objection. *See, e.g.*, *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (ruling that the forum defendant rule is not a subject matter jurisdiction objection); *See also Handelsman v. Bedford Vill. Assocs.*, 213 F.3d 48, n. 2 (2d Cir. 2000) (same); *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, n. 3 (3d Cir. 1999); *Hurley v. Motor Coach Indus., Inc.,* 222 F.3d 377, 380 (7th Cir. 2000) (same). Further, the U.S. District Court for the Middle District of North Carolina has concluded "it appears that if faced with the issue before this Court, the Fourth Circuit would join the majority of circuit courts in holding that the forum defendant rule is merely procedural and may, therefore, be waived." *Ada Liss Grp. v. Sara Lee Branded Apparel*, 2007 WL 634083, at *4 (M.D.N.C. Feb. 26, 2007).

joined and served" when they filed the Notice of Removal and were therefore not subject to the forum defendant rule.

      **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand is hereby **DENIED**.

Signed: May 31, 2017

Graham C. Mullen
United States District Judge