**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-00005-GCM**

| | |
|---|---|
| BARBARA ANNESE, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| DIVERSEY, INC. | ) |
| SEALED AIR CORPORATION (US), | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** is before the Court upon Defendants' Motion to Dismiss, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure [Doc. No. 9], and Motion to Dismiss for Failure to Join Required Party [Doc. No. 14]. Plaintiff filed a response and Defendant filed a reply. Accordingly, this matter is ripe for disposition.

**I. Background**

This civil action was filed in Mecklenburg County Superior Court on December 13, 2016. Plaintiff is a foreign entity with its principal place of business in Italy. Defendants are Delaware corporations, both with principal places of business in North Carolina. Plaintiff alleges claims for breach of contract and unjust enrichment/quantum meruit based on an alleged agreement for Plaintiff to develop and install certain technology for Defendants' businesses. Defendants removed the case to this court on January 4, 2017, on the basis of diversity jurisdiction. Defendants subsequently filed a Motion to Dismiss for Improper Venue arguing that the parties signed an agreement on non-disclosure of confidential information ("NDA") containing a mandatory forum selection clause that provided that the "Swiss Courts" possess "exclusive jurisdiction" over "all

1

disputes arising" under the NDA. The NDA was attached to Plaintiff's Complaint and is the only written agreement both parties signed.

**II.     Discussion**

The Fourth Circuit has ruled that a Rule 12(b)(3) motion requires dismissal where a forum-selection clause selects a foreign nation and is both mandatory and reasonable. *See Allen v. Lloyd's of London*, 94 F.3d 923 (4th Cir. 1996) (dismissing the case after finding that the forum selection clause designating the United Kingdom was both mandatory and reasonable). As stated above, Plaintiff and Defendants signed the NDA, which contained a mandatory forum-selection clause. This clause requires all disputes arising out the NDA to be tried in Swiss courts. Plaintiff does not dispute that the forum selection is mandatory and valid, but instead argues that the clause should not apply because none of the claims arise out of the NDA.

The NDA contains a clause stating each party shall not "disclose or use" and shall "not exploit any Confidential Information." Each of the Plaintiff's claims arise out of the Defendant's alleged exploitation of Plaintiff's confidential information and therefore triggers the mandatory forum selection clause.

Plaintiff alleges that in 2014, Plaintiff proposed to adapt/customize Robotways' technology into one of Defendants' prototype scrubber drier machines. (Compl. at ¶ 9–12). "From April until October, 2014, Robotways adapted and customized its technology in the prototype." (Compl. at ¶ 13). Plaintiff further alleges that "[i]n or about October 14, 2014, Defendants visited Robotways' premises in Italy to evaluate Robotways' work on the prototype[,] . . . videoed the machine and its performance . . . [and] asked Robotways to develop hardware and software for Defendants' machines." (Compl. at ¶ 14–15). Plaintiff alleges that the following month, November 2014, "Defendants sent Robotways a document entitled 'General Guidelines for the Development of a

Robotic Floorcare Machine' and marked '*Confidential*.'" (Compl. at ¶ 19) (emphasis added). Thereafter, Plaintiff alleges that it worked to "adapt and customize its technology for use in Defendants' machines" and continued to work on the prototype. (Compl. at ¶ 22).

Plaintiff's claims flow from the confidential and proprietary technology that Plaintiff allegedly "adapted and customized" into the prototype scrubber drier machine. Plaintiff contends it was damaged when the confidential technology it shared under the Agreement was utilized by Defendants in violation of the Agreement.

In connection with the First Claim for Relief for Breach of Contract as to Manufacturing/Licensing Agreement, Plaintiff alleges consequential damages in the amount of $7,548,010 for "Defendants' revenues for selling machines that incorporate Robotways' technology." (Compl. at ¶ 42). In connection with the Second Claim for Relief for Breach of Contract as to the prototype, Plaintiff alleges that "Robotways integrated Robotways' technology into the prototype . . . [and] developed both hardware and software for Defendants . . . ." (Compl. at ¶ 50). In connection with the Third Claim for Relief for Unjust Enrichment or Quantum Meruit, Plaintiff alleges that "the value Defendants received for selling machines that incorporate Robotways' technology and the resulting breach of that implied contract Robotways has suffered monetary damages in an amount of at least $7,930,215.71." (Compl. at ¶ 75).

Accordingly, Plaintiff's claims and alleged damages are all firmly grounded on the common notion that Plaintiff's confidential technology that it shared under the NDA was utilized by Defendants in violation of the NDA. Even if the Court was to assume Plaintiff's claims do not arise out of the NDA, this Court has previously concluded that a forum-selection provision contained in only one of multiple agreements that "involve the same transaction" governs the entire relationship between those parties "even though [the agreements were] executed on different dates

and addressing discrete aspects of the relationship." *Encompass Advisors, Ltd. V. Unapen, Inc.*, 686 F. Supp.2d 607, 614 (W.D.N.C. 2009). Taking Plaintiff's allegations in the Complaint as true, the NDA is simply one part of a large transaction between the parties. Utilizing the analysis above, that would require this Court to find the forum selection clause of the NDA to apply to all claims arising out of the transaction.

With the mandatory attribute established, the next step is to determine the reasonableness of the NDA's forum-selection clause. The Fourth Circuit has said,

> [c]hoice of forum and law provisions may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2) the complaining party 'will for practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

*Allen*, 94 F.3d at 928. Plaintiff neither contests the reasonableness of the NDA's forum selection clause nor submits any evidence to permit this Court to conclude that it is unreasonable. Nevertheless, the Court will briefly address the reasonableness of the forum selection clause.

Turning to the analysis set out by the Fourth Circuit, there is no evidence to indicate fraud or overreaching by either party in the creation of the NDA forum selection clause. Secondly, Plaintiff would not be denied "his day in court" if the forum selection clause is enforced as Plaintiff is located in Italy, which borders Switzerland. Further, the witnesses and evidence to the claims would be in or close to Switzerland, where both parties agree the NDA was signed. This all would arguably make Swiss courts more convenient for Plaintiff to try and prove its claims. Thirdly, this Court has previously ruled that a jurisdiction is "fundamentally unfair" only if the plaintiff will be "deprived of '*a* remedy.'" *Gita Sports Ltd. v. SG Sensortechnik GmbH & Co. KG*, 560 F. Supp.2d 432, 439

(W.D.N.C. 2008) (citing *Allen*, 94 F.2d at 928). Because Plaintiff has not given any evidence to support a claim that Switzerland law would deny Plaintiff a remedy, this Court concludes that if Plaintiff's claims can be proven, Switzerland law will provide a remedy. Lastly, there is no evidence to support a strong public policy of the forum state against such claims being brought forward. This Court therefore finds the forum selection clause reasonable. Venue in this Court is improper and this case must be dismissed. Accordingly, the Court need not rule on Defendants' Motion to Dismiss for Failure to Join Required Party.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that the Defendants' Motion to Dismiss for improper venue is **GRANTED** and this matter is hereby **DISMISSED**.

Signed: June 9, 2017

Graham C. Mullen
United States District Judge